IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD DALE FISHER, JR., | ) | |
|     Petitioner, | ) | Civil Action No. 7:15cv00661 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DIRECTOR, VA DEPT. OF CORR., | ) | United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Richard Dale Fisher, Jr., a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Pittsylvania County Circuit Court. This matter is before the court on respondent's motion to dismiss. After reviewing the record, the court grants respondent's motion and dismisses the petition.

I.

On February 12, 2013, after a jury trial, the Pittsylvania County Circuit Court entered a final order convicting Fisher of raping a twelve year old child, in violation of Virginia Code § 18.2-61(A)(iii),[1] and sentencing him to a total of twenty years incarceration. On appeal, Fisher challenged the sufficiency of the evidence. Specifically, Fisher claimed that the evidence did not establish that his penis penetrated the victim's vagina and that her testimony was inherently incredible because she made at least three prior inconsistent statements. The Court of Appeals denied Fisher's petition on September 12, 2013, finding that his penetration claim was

---

[1] Virginia Code § 18.2-61(A)(iii) (2011) states: "If any person has sexual intercourse with a complaining witness, whether or not his or her spouse, or causes a complaining witness, whether or not his or her spouse, to engage in sexual intercourse with any other person and such act is accomplished . . . with a child under age 13 as the victim, he or she shall be guilty of rape."

defaulted and that his credibility claim lacked merit.[2] Fisher appealed, and the Supreme Court of Virginia refused his appeal and request for rehearing on June 18, 2014, and October 6, 2014, respectively. Fisher filed a timely petition for a writ of habeas corpus in the Supreme Court of Virginia, claiming that the evidence at trial was insufficient to support a finding of penetration. The court found that the claim was barred because the non-jurisdictional issue was raised and decided on direct appeal from the criminal conviction and, therefore, could not be raised in a habeas petition. The court also construed Fisher's petition to raise a claim that counsel was ineffective because counsel had a "lack of interest in the case." However, the court found that the claim asserted conclusions or opinions without providing factual support and, consequently, it did not support the issuance of a writ of habeas corpus. The court dismissed Fisher's habeas petition on July 21, 2015. Fisher filed the instant habeas petition on November 30, 2015. *See* R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). Fisher challenges the sufficiency of the evidence to prove penetration and based on the victim's credibility. He also alleges that trial and appellate counsel were ineffective for numerous reasons.

II.

Fisher alleges that the evidence is insufficient to support his conviction of rape. Specifically, Fisher alleges that there was insufficient evidence of penetration and that the victim's testimony was not credible. Fisher exhausted both of these claims by presenting them to the Supreme Court of Virginia on direct appeal. The Court of Appeals of Virginia adjudicated Fisher's sufficiency of the evidence claims and rejected them, finding that the penetration claim was barred from review, that his credibility claim had no merit, and that there was sufficient

---

[2] On December 5, 2013, a three-judge panel of the same court also denied Fisher's appeal for the reasons states in the September 12, 2013 order.

evidence to support a finding of guilt beyond a reasonable doubt.³ This court finds that Fisher's penetration claim is inexcusably defaulted on federal habeas review and that the state court's rejection of Fisher's credibility claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based an unreasonable determination of the facts. Accordingly, the court grants respondent's motion to dismiss these claims.

A.

Fisher alleges that the evidence was insufficient to support his conviction for rape because there was insufficient evidence of penetration. The court finds that this claim is inexcusably defaulted and grants respondent's motion to dismiss.

On direct appeal from Fisher's criminal conviction, the state court found Fisher's claim to be procedurally defaulted under the contemporaneous objection rule, Virginia Supreme Court Rule 5A:18.⁴ Where a habeas petitioner has presented a claim that a state court has found to be procedurally defaulted, that determination is entitled to a presumption of correctness on federal habeas corpus review, *Clanton v. Muncy*, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, *Harris v. Reed*, 489 U.S. 255, 262-63 (1989). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. *Id.* Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state law ground for denying relief. *Id.* at 260; *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental

---

³ In denying Fisher's petition for appeal on direct review, the Supreme Court of Virginia, in effect, adjudicated Fisher's claim regarding the sufficiency of the evidence. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Thomas v. Davis*, 192 F.3d 445, 453 n.6 (4th Cir. 1999).

⁴ Virginia Supreme Court Rule 5A:18 provides that "no ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Va. S. Ct. R. 5A:18.

miscarriage of justice, such as actual innocence. *Harris*, 489 U.S. at 260. The United States Court of Appeals for the Fourth Circuit has found that Rule 5A:18 is an independent and adequate state law ground. *See Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999) (holding that Virginia Supreme Court Rule 5:25, which is identical to Rule 5A:18, is an adequate and independent ground for relief); *King v. Dean*, 955 F.2d 41 (4th Cir. 1992) (noting that a habeas petitioner's claims were procedurally barred due to the petitioner's failure to object in the trial court, as Rule 5A:18 requires); *Saunders v. Clarke*, No. 2:13cv90, 2014 U.S. Dist. LEXIS 38656, 2014 WL 1203016, at *3 (E.D. Va. March 24, 2014) (finding that Rule 5A:18 is an adequate and independent state law ground).

Because Rule 5A:18 is an independent and adequate state law ground and the state court explicitly denied Fisher's claim on this ground, his claim is barred from federal habeas review unless he demonstrates cause and prejudice or a fundamental miscarriage of justice. Fisher makes no allegation to support a finding of cause, prejudice, or miscarriage of justice. Accordingly, the court finds that the claim is procedurally defaulted and will grant respondent's motion to dismiss this claim.[5]

B.

Fisher claims that the evidence was insufficient to support his rape conviction because the victim's testimony was not credible in light of his and his family's alibi testimony. The court dismisses this claim because the state court's adjudication was not contrary to, or an unreasonable application of, clearly established federal law or based an unreasonable determination of the facts.

---

[5] Moreover, the court notes that this claim has no merit. Fisher claims that the victim testified that she could feel Fisher's penis *with*, not *in*, her vagina, "but could not say how far into her vagina it went." He also claims that she "did not testify unequivocally that even the slightest penetration was accomplished" by Fisher. These allegations are belied by the record. The victim testified that she and Fisher "had sex" (Trial Tr. 185, 187, Dec. 11, 2012) and that Fisher's penis was inside of her vagina (Trial Tr. 208-09).

4

Federal habeas review of a claim challenging the constitutional sufficiency of the evidence supporting a conviction is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In determining whether the state court reasonably applied this principle, the federal habeas court must determine whether the state court's decision is minimally consistent with the record, *Bell v. Jarvis*, 236 F.3d 149, 159 (4th Cir. 2000), and must give deference to the findings of fact made by both the trial and appellate courts, 28 U.S.C. § 2254(d); *Howard v. Moore*, 131 F.3d 399, 406 (4th Cir. 1997) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)). The federal court does not weigh the evidence or consider the credibility of witnesses. *United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983).

In addressing the sufficiency of the evidence, the Court of Appeals of Virginia found that:

> "Because sexual offenses are typically clandestine in nature, seldom involving witnesses to the offense except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished. Consequently, rape and attempted rape convictions may be sustained solely upon the testimony of the victim." *Garland v. Commonwealth*, 8 Va. App. 189, 191, 379 S.E.2d 146, 147 (1989).
>
> "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [finder of fact], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Lea v. Commonwealth*, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). We will not disturb the factual finding of a jury on issues of witness credibility unless we "'find[] that [the] . . . testimony [accepted by the jury] was inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Moyer v. Commonwealth*, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (*en banc*) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991) (internal quotation marks omitted). For testimony to be inherently incredible as a matter of law, "it 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable

men should not differ.'" *Cardwell v. Commonwealth*, 209 Va. 412, 414, 164 S.E.2d 699, 701 (1968) (quoting *Burke v. Scott*, 192 Va. 16, 23, 63 S.E.2d 740, 744 (1951)).

From the record on appeal, we conclude the victim's testimony was not inherently incredible as a matter of law. The jury determined that appellant committed the acts the victim described. *See Kelly v. Commonwealth*, 42 Va. App. 347, 3564-55, 592 S.E.2d 353, 357 (2004) ("When the Commonwealth offers direct evidence from eyewitnesses whose testimony is not inherently incredible, the jury may accept that testimony as credible and reject all conflicting evidence, thereby determining, in essence, that no reasonable hypotheses of innocence remain.").

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of rape.

The state court summarized the evidence against Fisher as follows:

[O]n February 23, 2012, the victim's family discovered the victim was not present at her residence. The victim, then twelve years old, returned later that day and initially claimed she had run away and was then raped in a wooded area by an unknown assailant. The following day the victim admitted she had fabricated the rape and admitted she had voluntarily left the residence with [Fisher] and had consensual sexual intercourse with him.

At trial, the victim testified she had met [Fisher] a few weeks prior to the incident. She stated [Fisher] picked her up at her residence late at night on February 22 and the two traveled to his storage unit. She confirmed the two had sexual intercourse in the unit. She explained she initially lied about the incident because she did not want [Fisher] to get in trouble.

Although [Fisher] denied having been at the storage unit with the victim, the owner of the storage building observed [Fisher]'s car in the lot near his unit on the morning of February 23. [Fisher]'s cell mate testified [Fisher] admitted having been at the unit with the victim.

The victim's testimony was corroborated by phone records, her ability to describe the storage unit's contents, a newspaper in the storage unit dated February 23, 2012, a physical examination of the victim with results consistent with penetration, and testimony of state trooper who saw Fisher and the victim parked down a deserted road. Fisher's alibi witnesses, all of whom were his family, were impeached with evidence that they colluded on their testimony and did not offer

6

the alibis immediately upon Fisher's arrest. After viewing the evidence in the light most favorable to the prosecution, the court finds that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and the state court's decision is consistent with the record. The court finds that the state court's adjudication was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. Therefore, the court will grant respondent's motion to dismiss this claim.

### III.

Fisher alleges that trial counsel was ineffective in failing to: (1) argue that the Commonwealth failed to prove penetration, (2) record the preliminary hearing for later use to impeach the victim, (3) discover during *voir dire* whether the jurors had strong feelings about sexual crimes, and (4) investigate and call "possible character witnesses." Fisher also alleges that appellate counsel was ineffective in failing to: (1) appear for oral argument before the Court of Appeals and (2) "present the same argument on appeal that the trial attorney raised at trial." The court finds that these claims are procedurally defaulted because Fisher did not present them to the Supreme Court of Virginia. Further, Fisher has not demonstrated grounds to excuse his default. Accordingly, the court grants respondent's motion to dismiss these claims.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In this case, Fisher did not present these ineffective assistance of counsel claims to the Supreme Court of Virginia. However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the

7

claim would be procedurally barred under state law if the petitioner attempted to present it to state court." *Baker*, 220 F.3d at 288; *see Gray v. Netherland*, 518 U.S. 152, 161 (1986). If Fisher were to attempt to raise these claims to the Supreme Court of Virginia now, that court would find that the claims are procedurally barred. *See* Va. Code § 8.01-654(B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus), § 8.01-654(A)(2) (state habeas statute of limitations). Consequently, Fisher's claims are now simultaneously exhausted and procedurally defaulted and, thus, barred from federal habeas review. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Basette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990); *Sparrow v. Dir., Dep't. of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006).

A state prisoner can obtain federal habeas review of a procedurally defaulted claim, however, if he shows either (1) cause and prejudice or (2) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if he can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Id.* at 496. Actual innocence means "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, (1998). In this case, nothing in the record supports a claim of actual innocence, and Fisher has not demonstrated a miscarriage of justice.

8

Fisher argues that the court should excuse his default of his ineffective assistance of counsel claims pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Under *Martinez*, a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective assistance may do so only if: (1) the ineffective assistance claim is a "substantial" one; (2) the "cause" for default "consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding." *Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)). A "substantial" claim is one that has merit. *Martinez*, 132 S. Ct. at 1318. In order to establish an ineffective assistance claim, petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 669 (1984); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977). To demonstrate prejudice, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Fisher's claims of ineffective assistance of counsel lack merit and, thus, are not "substantial." Accordingly, the court finds that these claims are barred from federal habeas review and grants respondent's motion to dismiss.

A.

Fisher claims that trial counsel was ineffective in failing to argue that the Commonwealth did not prove penetration. Rape requires slight penetration of a vagina by a penis. *Moore v. Commonwealth*, 491 S.E.2d 739, 740 (Va. 1997). In this case, the victim testified that she and Fisher "had sex" and that Fisher's penis was "inside" of her vagina. (Trial Tr. 185, 187, 208-09). Because the victim's testimony clearly established penetration, any argument by trial counsel that it did not would have failed. The court cannot find that counsel was ineffective in failing to make such an argument and the claim is not "substantial." *See Clanton v. Bair*, 826 F.2d 1354, 1359 (4th Cir. 1987) (finding that counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis"). Therefore, the claim is defaulted, and the court will grant respondent's motion to dismiss this claim.

B.

Fisher alleges that trial counsel was ineffective in failing to record the preliminary hearing for later use to impeach the victim. Fisher states that had counsel recorded the preliminary hearing, "the jury would have heard the victim testify that she did not know what kind of car [Fisher] drove [or] what color it was."[6] He also claims that at the preliminary hearing, the victim referred to Fisher by his full name, testified that Fisher's car was a four door, and "could not describe where the crime took place," but at trial she referred to Fisher by his nickname,[7] testified that his car was a two-door vehicle,[8] and "gave details as to where the

---

[6] In fact, the jury did hear this testimony because the victim testified at trial that she did not know what kind of car Fisher drove and could only describe its color as a "dark color." (Trial Tr. 266-267).

[7] Actually, at trial, the victim referred to him as "Richard" or "Richard Fisher" on three occasions (Trial Tr. 176, 196, and 214) and as "Ricky" on two occasions (Trial Tr. 213, 267).

[8] The transcript shows the victim testified at trial that she "want[ed] to say it's a four door car," but she was not sure on that. (Trial Tr. 267). That testimony is not inconsistent with the statements Fisher alleges the victim made at the preliminary hearing.

10

alleged crime took place."[9] Fisher argues that counsel was unable to impeach the victim because there was "no verbatim account of the prior inconsistent statements."

Counsel extensively cross-examined the victim at trial regarding multiple prior inconsistent versions of her story that she had given to investigators. Counsel also questioned the victim about her preliminary hearing testimony, and she admitted that she did not testify to certain facts at the preliminary hearing. The court finds that Fisher fails to show any reasonable likelihood that recording the preliminary hearing and additional cross-examination or impeachment of the victim, especially concerning the issues Fisher raises, would have resulted in a different outcome at trial. The court cannot find that counsel provided ineffective assistance or that the claim is "substantial." Accordingly, the claim is defaulted, and the court will grant respondent's motion to dismiss this claim.

C.

Fisher claims that trial counsel was ineffective in failing to "discover during *voir dire* whether the jurors had strong feelings about sexual crimes." Fisher does not claim that the jurors *did* have strong feelings about sexual crimes, or that if they did have "strong feelings," they prejudiced Fisher in any way. After being informed of the nature of the charges, all of the potential jurors assured the court that they were not biased and could be fair and impartial. As a general rule, a juror is presumed to be impartial. *Poynter v. Ratcliff*, 874 F.2d 219, 221 (4th Cir. 1989). Moreover, counsel did ask whether any jurors would be offended by graphic descriptions of sex, and none said that they would be. He also asked whether any jurors had been charged with sexual misconduct or knew victims of sexual misconduct, eliciting responses from three

---

[9] Indeed, the victim testified that it happened in a storage facility and that there was no light in the unit, so they used the light from Fisher's phone, the victim's iPod, and a "little" battery-powered lantern. (Trial Tr. 185). The other details about the storage unit were brought in to trial when the victim recounted the things she told an investigator shortly after the rape, before Fisher's preliminary hearing. (Trial Tr. 206-08).

11

jurors. Fisher has not demonstrated that further questioning of the jurors by counsel would have raised any concerns that would have negatively impacted Fisher. Further, questions asked during *voir dire* and jury selection are matters of trial strategy. *See Conner v. Polk*, 407 F.3d 198, 207 n.5 (4th Cir. 2005); *Delong v. Thompson*, 790 F. Supp. 594, 603 (E.D. Va. 1991). The court cannot find that counsel was ineffective and, thus, the claim is not "substantial." Therefore, the claim is defaulted, and the court will grant respondent's motion to dismiss this claim.

D.

Fisher argues that trial counsel was ineffective in failing to investigate and call "possible character witnesses." Fisher does not name any possible character witness. Rather, he alleges that an unnamed witness would have testified that she saw the victim on the "night/day of the crime with a different person," would have described this "different person," would have given a description of the "vehicle that the victim was seen in at the time the crime allegedly took place," and would have testified that she saw the victim in North Carolina at the time the victim states she and Fisher were in Virginia. Fisher does not provide an affidavit from the alleged witness showing that the witness actually exists, would have appeared at trial, or would have testified as Fisher alleges. *See Hill v. Clarke*, No. 1:15cv810, 2016 U.S. Dist. LEXIS 23455, at *15, 2016 WL 754500, at *5 (E.D. Va. Feb. 22, 2016) (noting that "[b]oth Virginia and federal courts recognize the principle that failure to provide an affidavit to verify the testimony of a missing witness is fatal" to an ineffective assistance claim based on a failure to call a witness). Defense counsel is given wide latitude to make strategic choices in developing a defense. *Strickland*, 466 U.S. at 690. Decisions regarding whether to call witnesses are "precisely the sort of strategic decision[s] entrusted to the professional judgment of trial counsel." *United States v. Dehlinger*, 740 F.3d 315, 325 (4th Cir. 2014). The presumption of reasonableness under *Strickland* is

12

particularly difficult to overcome in a claim of ineffectiveness for failing to call a witness, "given that the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which we must afford enormous . . . deference." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (quotation marks and alteration omitted). Based on the foregoing, the court cannot find that counsel was ineffective; thus, the claim is not "substantial." Accordingly, the claim is defaulted, and the court will grant respondent's motion to dismiss this claim.

E.

Fisher alleges that appellate counsel provided ineffective assistance in failing to appear for oral argument before the Court of Appeals. After the Court of Appeals denied Fisher's direct appeal challenging the sufficiency of the evidence on September 12, 2013, counsel requested reconsideration of the petition by a three-judge panel pursuant to Supreme Court of Virginia Rule 5A:15(a). Apparently, appellate counsel then failed to appear for oral arguments scheduled before the three-judge panel. Thereafter, the three-judge panel denied Fisher's appeal for the reasons stated in the September 12, 2013 order. Counsel then appealed to the Supreme Court of Virginia, and the court refused the appeal. Fisher has not demonstrated that had counsel appeared for oral arguments before the three-judge panel that was reconsidering the court's denial of his appeal, there is a reasonable probability that the outcome of his case would have been different. Because Fisher has not demonstrated prejudice under *Strickland*, the claim is not "substantial." Therefore, the claim is defaulted, and the court will grant respondent's motion to dismiss this claim.

F.

Fisher alleges that appellate counsel provided ineffective assistance in failing to "present the same argument on appeal that the trial attorney raised at trial." Fisher does not identify the

13

"same argument" to which he is referring.  Because Fisher's argument lacks any factual support, the court cannot find that counsel was ineffective.  *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue), *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165-66 (1996).  The court finds that the claim is not "substantial," and the claim is defaulted.  Accordingly, the court will grant respondent's motion to dismiss this claim.

## IV.

For the reasons stated, the court will grant respondent's motion to dismiss Fisher's § 2254 petition.

An appropriate order will be entered.

Entered: September 29, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

14

Case 7:15-cv-00661-EKD-RSB   Document 18   Filed 09/29/16   Page 14 of 14   Pageid#: 1016